# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 14-1061**                                       September Term, 2013

FAA-02/21/14 Letter

**Filed On:** July 18, 2014

Texas Equusearch Mounted Search and
Recovery Team, et al.,

       Petitioners

       v.

Federal Aviation Administration,

       Respondent

       **BEFORE:**    Brown, Millett, and Pillard, Circuit Judges

### O R D E R

      Upon consideration of the emergency motion for a stay or, in the alternative, to expedite review, and the supplement thereto; the combined response and motion to dismiss; the combined response to the motion to dismiss and reply in support of the motion for a stay; and the reply in support of the motion to dismiss, it is

      **ORDERED** that the motion to dismiss the petition for review be granted. The challenged email communication from a Federal Aviation Administration employee did not represent the consummation of the agency's decisionmaking process, nor did it give rise to any legal consequences. Safe Extensions, Inc. v. FAA, 509 F.3d 593, 598 (D.C. Cir. 2007) ("To be deemed final and thus reviewable as an order under 49 U.S.C. § 46110, an agency disposition must mark the consummation of the agency's decisionmaking process, and it must determine rights or obligations or give rise to legal consequences."). The email at issue is not a formal cease-and-desist letter representing the agency's final conclusion, after following the procedures set out in 14 C.F.R. pt. 13, that an entity has violated the law, which we have previously found sufficient to constitute final agency action. See CSI Aviation Servs., Inc. v. Department of Transp., 637 F.3d 408, 412-14 (D.C. Cir. 2011). Rather, given the absence of any identified legal consequences flowing from the challenged email, this case falls within the usual rule that this court lacks authority to review a claim "where 'an agency merely expresses its view of what the law requires of a party, even if that view is adverse to the

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 14-1061**                                                    **September Term, 2013**

party.'"  Independent Equip. Dealers Ass'n v. EPA, 372 F.3d 420, 427 (D.C. Cir. 2004) (quoting AT&T v. EEOC, 270 F.3d 973, 975 (D.C. Cir. 2001)).  It is

    **FURTHER ORDERED** that the emergency motion for a stay or, in the alternative, to expedite be dismissed as moot.

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                       **FOR THE COURT:**
                       Mark J. Langer, Clerk

BY:    /s/
         Amy Yacisin
         Deputy Clerk